# EXHIBIT A

Richard R. Friess, ISB #7820
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone: (208) 522-1230
Fax: (208) 522-1277

Brian M. Lutz (*pro hac vice application forthcoming*)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Fax: (415) 393-8306

Stephen C. Whittaker (*pro hac vice application forthcoming*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-4337
Fax:  (949) 475-4647

Attorneys for Plaintiff

**IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE**

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation<br><br>Plaintiff,<br><br>v.<br><br>KOT NAM SHAN, an individual, and SHAKLEE CORP., a Delaware corporation,<br><br>Defendants. | Case No. CV-2018-_____<br><br>DECLARATION OF RYAN D. NELSON IN SUPPORT OF MELALEUCA, INC.'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY |

1- DECLARATION OF RYAN D. NELSON

1. My name is Ryan D. Nelson. I am an attorney licensed to practice law in Idaho State Court and in the Federal District Court of the State of Idaho. I have personal knowledge of the facts set forth in this declaration, and were I called upon to testify, I could and would truthfully testify thereto.

2. I have been employed by the plaintiff as General Counsel and in the Legal Department since 2009.

3. Within a week of Mr. Kot's departure from Melaleuca, I was informed that Mr. Kot may have joined Shaklee (China) Co., Ltd., which raised serious concerns that Mr. Kot would violate his agreements with Melaleuca, Inc. Melaleuca has enjoyed a positive working relationship with Shaklee (China) Co., Ltd. and Shaklee Corporation (referred to collectively herein as "Shaklee"), for as long as I have been with Melaleuca.

4. In early December 2017, I contacted Marjorie Fine, long-time General Counsel and a Director at Shaklee, to confirm whether Shaklee had contact with Mr. Kot about employment, was discussing hiring Mr. Kot, or had actually hired Mr. Kot for employment, and to confirm that Shaklee understood that Mr. Kot had a binding non-competition agreement with Melaleuca.

5. I have known Ms. Fine for several years through our work together on the Direct Selling Association ("DSA"). During that time, Ms. Fine and I have had an excellent working relationship and discussed many matters of importance to direct selling companies generally and to our companies specifically.

6. Ms. Fine has consistently, since I have known her over the last several years, served as a long-time General Counsel for Shaklee and represented Shaklee at the highest levels with the DSA. I have spoken with her at numerous DSA Board meetings and other DSA

2- DECLARATION OF RYAN D. NELSON

meetings over the years.  Ms. Fine has called me for business or legal advice as a colleague in the DSA on several occasions.  Based on our longstanding professional relationship, I have always trusted Ms. Fine's representations to Melaleuca and to myself personally.

7.      I contacted Ms. Fine on or around December 6, 2017.  I explained that Melaleuca had received a report that Shaklee was discussing employing or had hired Mr. Kot to run Shaklee's operations in China.

8.      Ms. Fine agreed to check with others at Shaklee, including Todd Tucker, who I understood served as an attorney for Shaklee on international issues, to determine whether Mr. Kot had, in fact, been discussing employment or had been hired by Shaklee in China.

9.      I explained to Ms. Fine that I had approached her directly on this issue to ensure that no wedge arose between Shaklee and Melaleuca, and to make clear that Melaleuca had a non-competition agreement with Mr. Kot.  Ms. Fine assured me that if there were discussions between Shaklee and a former Melaleuca employee in China who was bound by such an agreement, she would stop the discussions and notify us before proceeding with any further employment discussions.  She also informed me that Shaklee would not hire any General Manager or President of Asia position in China without her involvement and knowledge.

10.     Ms. Fine and I spoke again, and she told me that, after checking with others at Shaklee, including Mr. Tucker and possibly others, she could confirm that Shaklee had not had any contact with Mr. Kot, and specifically no discussions regarding employment or any job offer.  In fact, Ms. Fine told me that no one at Shaklee China had heard of Nelson Kot.  She asked how Melaleuca learned of this rumor and informed me that she was deeply concerned that a competitor may be setting Shaklee up and trying to cause a rift between Melaleuca and Shaklee to damage the long-standing, positive working relationship that the two companies had shared.

3- DECLARATION OF RYAN D. NELSON

11. I also reached out via email to Ms. Fine, asking her to check Kot's Chinese name ("Kot Nam Shan") to make sure that Shaklee had searched for the right person. Ms. Fine then confirmed to me that Kot did not work for Shaklee China or any other Shaklee company.

12. Because of my long-standing prior history with Ms. Fine, I accepted her representations as truthful and conveyed that to Melaleuca management shortly after our discussions and correspondence in early December 2017. Based on Shaklee's flat denials of having discussed employment with or having hired Mr. Kot in China, along with what I understood from others at Melaleuca that Mr. Kot had denied looking for employment with Shaklee, Melaleuca determined that the contact we had received regarding such potential employment may be misinformed. Ms. Fine agreed to alert me directly if Shaklee engaged in any future employment discussions with Mr. Kot. I never heard from Ms. Fine regarding Mr. Kot during December 2017 or early January 2018.

13. On January 10, 2018, I was informed that Mr. Kot had joined Shaklee purportedly as a manager in China, and was forwarded a text message directly from Mr. Kot explaining his decision to join Shaklee. Because of my prior discussions and email communications with Ms. Fine, I reached out to her to confirm this information.

14. On January 10, 2018, Ms. Fine and I spoke. I told her we had just heard that Mr. Kot had joined Shaklee. Ms. Fine said there is "no way" that could be true. She confirmed our communications from December 2017 and said she had been told that Shaklee had had no discussions of employment with Mr. Kot or any other prior Melaleuca employee and had not hired any former Melaleuca employees in China. She also noted that had Mr. Kot started with Shaklee by January 10, 2018, that Shaklee would have definitely been interviewing him long before December 2017, because it would have taken several months to make a decision to hire

4- DECLARATION OF RYAN D. NELSON

someone to oversee Shaklee's China operations.  And Ms. Fine said she was unaware of that position being filled and confirmed that it would not have been filled without her knowledge and involvement.

15.	I further explained to Ms. Fine that we had learned this new information directly from Mr. Kot himself.  Ms. Fine was surprised at that, and said that perhaps Mr. Tucker, Senior Vice President, General Counsel, and Secretary at Shaklee, and the legal representative for Shaklee (China) Co., Ltd., had hired someone without her knowledge.  But she repeated that such an action would have been a direct violation of her prior instruction to inform Melaleuca of Shaklee potentially hiring any former Melaleuca employee who had signed a non-compete agreement.  She agreed to check on the issue.

16.	On January 11, 2018, I checked back with Ms. Fine to confirm whether, in fact, Mr. Kot, had been hired by Shaklee.  Ms. Fine emailed a response that Mr. Tucker would call me to discuss the issue.  Mr. Tucker did not call me.

17.	I called Mr. Tucker directly.  We finally spoke at approximately 6:00 pm Pacific time on January 11, 2018.  I asked Mr. Tucker whether Shaklee had hired Mr. Kot.  Mr. Tucker informed me that Shaklee had indeed hired Mr. Kot.  He also informed me that Shaklee had been in discussions with Mr. Kot regarding employment before early December when Melaleuca inquired; had reviewed Mr. Kot's non-competition agreement with Melaleuca prior to hiring Mr. Kot; and decided to hire Mr. Kot despite the terms of his agreement.

5- DECLARATION OF RYAN D. NELSON

I declare under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

DATED this 16th day of January, 2018.

By: *Ryan Nelson*
Ryan D. Nelson, Esq.

6- DECLARATION OF RYAN D. NELSON