Brook B. Bond, ISB No. 6340
Jamie K. Ellsworth, ISB No. 8372
Christina Hardesty, ISB No. 10396
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID  83702
Phone: 208.562.4900 / Fax: 208.562.4901
Email:  BBond@parsonsbehle.com

Kent L. Hawkins, ISB No. 3791
MERRILL & MERRILL
109 N. Arthur Avenue, Fifth Floor
Pocatello, ID 83204
Phone: 208.232.2286 / Fax: 208.232.2499
Email:  KHawk@merrillandmerrill.com

Arturo J. González (admitted *pro hac vice*)
Eric A. Tate (admitted *pro hac vice*)
Anna T. Ferrari (admitted *pro hac vice*)
MORRISON FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Phone: 415.268.7000 / Fax: 415.268.7522
Email:  AGonzalez@mofo.com

Attorneys for Defendant Shaklee Corporation

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, and MELALEUCA (CHINA) WELLNESS PRODUCTS CO., LTD., a wholly-owned subsidiary of Melaleuca, Inc.<br><br>                        Plaintiffs,<br>v.<br><br>KOT NAM SHAN, an individual, and SHAKLEE CORP., a Delaware corporation,<br><br>                        Defendants. | Case No. 4:18-cv-00036-DCN<br><br>**DECLARATION OF MARJORIE FINE IN SUPPORT OF DEFENDANT SHAKLEE'S RESPONSE TO PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION** |

I, Marjorie Fine, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I currently serve on the Board of Directors of Shaklee Corporation, a direct selling corporation and a defendant in this action, and I have done so since 2013. I have personal knowledge of the facts set forth in this declaration, and, if called upon to testify, and could and would testify truthfully thereto.

2. I joined Shaklee's in-house legal department in 1989. In 1990, I became Vice President and General Counsel of Shaklee U.S., Inc. (now Shaklee U.S., LLC.), which operates the Shaklee direct selling business in the United States. In 2005, I became Executive Vice President and General Counsel for Shaklee Corporation and served in that capacity until my retirement in 2013. In that capacity, I was responsible for law, government relations, trade association relations, risk management, human resources, field administration, and product quality assurance.

3. Although I retired from Shaklee Corporation in 2013, I have remained a director of Shaklee Corporation, and I have supported Shaklee Corporation in particular projects and engagements on an as-needed basis. Initially, I remained involved with Shaklee's government relations and trade association relations works. I have also handled projects relating to field administration and global regulatory affairs. I have continued to represent Shaklee Corporation in the Direct Selling Association (DSA), a trade association, in which I have been involved on behalf of Shaklee Corporation since 1990.

4. Since my retirement, I have not acted as Shaklee Corporation's General Counsel, and I have not been involved in employee recruitment for Shaklee Corporation or any of its subsidiaries.

5. I met Ryan Nelson, former General Counsel of Melaleuca, Inc., through my involvement with the DSA, in which he is also involved. Over the past several years, Mr. Nelson and I have called upon each other on occasion from time to time regarding best practices on issues affecting direct selling companies.

6. I understand that Mr. Nelson has submitted two declarations in the above-named action. (Dkt. 40-10, 40-11.) I have reviewed and am familiar with both declarations.

7. Although I have remained involved with the DSA since my retirement from Shaklee Corporation, I do not hold and have not held myself out to the DSA (or, for that matter, to anyone in the general public) as Shaklee Corporation's General Counsel. Mr. Nelson is aware that I am not Shaklee Corporation's General Counsel and have not been for years.

8. On December 6, 2017, I received a call from Mr. Nelson, and I spoke with him by phone that morning. Mr. Nelson asked me if Shaklee (China) Co. Ltd. had hired a new General Manager named Nelson Kot. He did not ask whether Shaklee (China) Co. Ltd. had interviewed or otherwise been in contact with this Mr. Kot, as indicated in his declaration in support of Melaeluca, Inc.'s Request for a Temporary Restraining Order and Expedited Discovery dated January 16, 2018. (Dkt. 40-11 at ¶¶ 4, 7.)

9. I understand and am informed that Nelson Kot also goes by the Chinese name Kot Nam Shan. I use both names interchangeably in this declaration and use the shortened name "Mr. Kot" in reference to both names, understanding that they both refer to the same person. I use the name "Mr. Nelson" in reference to Ryan Nelson of Melaleuca, Inc., and not Mr. Kot, whom I understand goes by Nelson as his first name.

10. During our phone conversation of December 6, 2017, I told Mr. Nelson that I did not know the answer to his question and that I have not been involved in recruitment matters

since my retirement from Shaklee Corporation. I offered to inquire internally about whether Shaklee (China) Co. Ltd. had hired Mr. Kot and to relay my findings to Mr. Nelson.

11. Contrary to statements in Mr. Nelson's January 16, 2018 declaration, during our phone conversation of December 6, 2017, I did not offer to inquire about whether Shaklee (China) Co. Ltd. had been "discussing employment" with Mr. Kot, and I did not identify to Mr. Nelson with whom I would be inquiring in connection with Mr. Nelson's request. (*Id.*, ¶ 8.)

12. During our phone conversation of December 6, 2017, contrary to the assertions in Mr. Nelson's January 16, 2018 declaration, I did not inform Mr. Nelson that "Shaklee would not hire any General Manager or President of Asia position in China without [my] involvement and knowledge." (*Id.*, ¶ 9.) To the contrary, I specifically told Mr. Nelson that I have not been involved in recruitment on behalf of Shaklee Corporation or any Shaklee-related entity since I retired in 2013, and that I would not have direct knowledge of any hiring activities in respect of the General Manager of China position.

13. I also did not assure Mr. Nelson that I would stop any discussions between Shaklee (China) Co. Ltd. or Shaklee Corporation on the one side, and any former employee of Melaleuca Inc., or any related subsidiary of Melaleuca, Inc. on the other side, regarding potential employment by Shaklee (China) Co. Ltd., or that I would notify Melaleuca, Inc. of any such discussions. (*Id.*, ¶ 9.) These commitments that Mr. Nelson attributes to me would extend far beyond the scope of my current responsibilities for Shaklee Corporation, as well as my practical abilities. If I had made such extraordinary promises to Mr. Nelson (which I did not), I would have remembered doing so.

14. Later in the afternoon on December 6, 2017, Mr. Nelson contacted me by email to ask, "[w]ere you able to verify whether Shaklee had hired a former Melaleuca employee as its

GM in China?"  A true and correct copy of Mr. Nelson's email of December 6, 2017, is attached hereto as <u>Exhibit A</u> to this declaration.

15. I responded to Mr. Nelson via email on the evening of December 6, 2017, to report back on the inquiry that I had made internally, pursuant to which I confirmed that no individual named Nelson Kot was working for Shaklee (China) Co. Ltd.

16. On the afternoon of December 7, 2017, I received a further email from Mr. Nelson stating that Nelson Kot's Chinese name was Kot Nam Shan and asking me to confirm my prior response as to that name specifically.  (*See id.*)

17. On December 8, 2017, after inquiring further internally, I confirmed to Mr. Nelson by email that "this individual does not work for Shaklee China or any other Shaklee company."  (*See id.*)

18. In addition to my email of December 8, 2017, I also contacted Mr. Nelson by phone that same day because I was concerned that a third party might be attempting to interfere with the relationship between Shaklee Corporation and Melaleuca, Inc., by sharing incorrect information.  I called Mr. Nelson to ask him to disclose the source of the alleged information on which his inquiry to me was based.  He so informed me that the information was from an anonymous email and that Melaleuca was trying to trace the source.  Melaleuca never informed me of the source.

19. Contrary to the assertions in Mr. Nelson's January 16, 2018 declaration, I did not inform Mr. Nelson with whom I had spoken internally in regard to his inquiry. (Dkt. 40-11, ¶ 10.)

20. I also did not tell Mr. Nelson words to the effect of, "Shaklee had not had any contact with Mr. Kot," and that "no one at Shaklee China had heard of Nelson Kot."  I did not

have sufficient knowledge to make such a representation on behalf of an entire company, let alone a foreign subsidiary for which I have never worked.

21. My communications with Mr. Nelson in December 2017 were true to the best of my knowledge and consistent with my understanding that Shaklee (China) Co. Ltd. had not hired anyone named Nelson Kot or Kot Nam Shan. Although I did not have direct knowledge of Shaklee (China) Co. Ltd.'s recent hiring activities, I attempted to verify in good faith Mr. Nelson's request about whether anyone named Nelson Kot or Kot Nam Shan was working for Shaklee (China) Co. Ltd.

22. After December 8, 2017, I did not hear from Mr. Nelson again until January 8, 2018, when he next contacted me by phone. During our conversation, he indicated that he had become aware that Mr. Kot had been hired by Shaklee (China) Co. Ltd. Because I understood at the time of our discussions in early December that Mr. Kot was not working for Shaklee (China) Co. Ltd., and because I had not learned anything to the contrary until my discussion with Mr. Nelson of January 8, 2018, I responded to the effect of: "If that's true, then I'm surprised."

23. During our conversation of January 8, 2018, I did not confirm that "Shaklee had had no discussions of employment with Mr. Kot or any other prior Melaleuca employee and had not hired any former Melaleuca employees in China," as Mr. Nelson states in his declaration of January 16, 2018. (*Id.* at ¶ 14.) Again, such a representation would have exceeded both the scope of my knowledge and what I had agreed with Mr. Nelson to confirm internally.

24. During our conversation of January 8, 2018, I also did not state that I had previously instructed Shaklee China Co. Ltd. not to hire any employees affiliated with Melaleuca, Inc., or that Shaklee China Co. Ltd. would not hire a General Manager without my

knowledge or involvement. (*Id.* at ¶ 14.) As stated above, I would not have direct knowledge of any hiring activities in respect of the General Manager of China position.

25. On January 18, 2018, I called Mr. Nelson in response to a voicemail I had received from him. During our phone conversation, I informed him that, during each of our prior communications, I had no information that Shaklee China Co. Ltd. had hired Mr. Kot, although I did inquire to that effect. Contrary to the statement in Mr. Nelson's declaration of February 20, 2018, I did not tell Mr. Nelson that Mr. Tucker had withheld information from me. If Mr. Nelson reached that conclusion, he did so based on his own supposition, not something I told him.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 5, 2018.

_____
Marjorie Fine

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 6th day of March, 2018, I electronically filed the within and foregoing instrument with the Clerk of the Court using the CM/ECF system, which caused the following parties and counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

     Richard R. Friess, Attorneys for Melaleuca, Inc.
     friess@thwlaw.com

     Sean J. Coletti, Attorney for Kot Nam Shan
     seancoletti@hopkinsroden.com

     Brian M. Lutz, Attorneys for Melaleuca, Inc.
     BLutz@gibsondunn.com

     Stephen C. Whittaker, Attorneys for Melaleuca, Inc.
     cwhittaker@gibsondunn.com


     */s/ Anna Ferrari*
     Anna Ferrari