UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, and MELALEUCA (CHINA) WELLNESS PRODUCTS CO., LTD., a wholly-owned subsidiary of Melaleuca, Inc.,<br><br>      Plaintiffs,<br><br>      v.<br><br>KOT NAM SHAN, an individual, and SHAKLEE CORP., a Delaware corporation,<br><br>      Defendants. | Case No. 4:18-cv-00036-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This matter comes before the Court on Melaleuca Inc.'s ("Melaleuca") Motion for Reconsideration (Dkt. 77) and Defendant Kot Nam Shan's ("Kot's") first, second, third, and fourth Request for Judicial Notice. Dkts. 70, 73, 82, 92. These Motions are fully briefed and ripe for decision. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court DENIES Melaleuca's Motion for Reconsideration and GRANTS Kot's four Requests for Judicial Notice.

MEMORANDUM DECISION AND ORDER – 1

## II. BACKGROUND[1]

This case is primarily a breach of contract action. Melaleuca, an Idaho corporation, and one of its subsidiaries, Melaleuca (China) Wellness Products Co. Ltd. ("Melaleuca China"), have sued Kot for breach of four different employment contracts, identified and explained in the Court's prior Memorandum Decision as "the 2010 Agreements" and "the 2011 Agreements." Melaleuca and Melaleuca China maintain Kot breached these Agreements when he quit his job with Melaleuca China and, shortly thereafter, joined Shaklee, one of Plaintiffs' competitors in late 2017.

In early 2018, Plaintiffs sought a temporary injunction to prevent Kot from working for Shaklee while this litigation was ongoing. At the same time, Shaklee and Kot separately filed motions to dismiss. After the motions were fully briefed, the Court held oral argument. On April 24, 2018, the Court issued a Memorandum Decision and Order granting Kot's Motion to Dismiss on personal jurisdiction grounds and forum non conveniens grounds. Dkt. 74. Accordingly, the Court dismissed the claims against Kot and directed Plaintiffs to refile its claims against Kot in China. The Court denied Shaklee's Motion for Forum Non Conveniens and, accordingly, Plaintiffs' two claims against Shaklee for tortious interference with contract remain pending in this case.

Starting on March 21, 2018, and continuing until the present, Kot has updated the Court regarding the legal action he has taken in China regarding this dispute. Kot filed a "labor arbitration action" against Melaleuca China before the "Shanghai Labour and

---

[1] The Court hereby incorporates by reference the background section of its prior Memorandum Decision and Order. Dkt. 74, at 2–8.

Human Resources Dispute Arbitration Commission" seeking to invalidate the 2011 Non-Competition Agreement. In May, the Arbitration Commission dismissed Kot's case. Thereafter, Kot filed a new case in the Jing An District People's Court of Shanghai City.[2] That court held a hearing on June 26, 2018, and plans to hold another hearing in August. All of Kot's notices regarding these proceedings are the subject of Kot's multiple Motions for Judicial Notice.

On May 4, 2018, Melaleuca filed the pending Motion to Reconsider, asking this Court to reconsider its decision to grant Kot's motion to dismiss on forum non conveniens grounds.

### III. PENDING MOTIONS

*A. Motions to Take Judicial Notice*

The Court may "take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The documents Kot asks this Court to take judicial notice of are court filings in actions Kot has filed in China and other matters of public record. Thus, they appear to be properly subject to judicial notice. In addition, Plaintiffs have not opposed Kot's Motions to Take Judicial Notice. Accordingly, the Court finds it appropriate to GRANT the Motions for Judicial Notice without further discussion.

---

[2] The parties have different versions of what has occurred in these cases. Melaleuca asserts the Arbitration Commission rejected Kot's arguments on the merits and that Kot subsequently appealed to the District People's Court. Kot, on the other hand, asserts the Arbitration Commission "only ruled that the issues were beyond the scope of the tribunal, and never made any ruling on the merits. Instead, it simply determined that it was not the proper forum." Dkt. 89, at 4, n.1. Accordingly, Kot re-filed his case in another court. *Id.*

*B. Melaleuca's Motion for Reconsideration*

The Court turns next to Melaleuca's Motion for Reconsideration, in which it asks this Court to alter its previous decision granting Kot's Motion to Dismiss for Forum Non Conveniens.

<u>i. Legal Standard</u>

Melaleuca asks this Court to reconsider its decision under Federal Rule of Civil Procedure 59(e). This Rule does "permit[] a district court to reconsider and amend a previous order," but the Ninth Circuit instructs that the Rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "[T]here are four limited grounds upon which" a district court may grant a motion for reconsideration: "(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law." *Coffelt v. Yordy*, No. 1:16-CV-00190-CWD, 2016 WL 9724059, at *1 (D. Idaho Nov. 30, 2016) (citing *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)). "A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment." *Id.* (citing *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

MEMORANDUM DECISION AND ORDER – 4

<u>ii. Analysis</u>

Melaleuca asserts reconsideration is necessary because the Court committed "manifest errors of fact or law" in its prior decision. Specifically, Melaleuca argues that the Court erred in dismissing its claims for breach of the 2010 Agreements on forum non conveniens grounds where the 2010 Agreements contained a presumptively valid forum-selection clause that designated Idaho as the exclusive forum for litigating claims of breach.

In support of this assertion, Melaleuca cites *EnerWaste Int'l Corp. v. Energo SRL*, 421 F. App'x 686 (9th Cir. 2011), a four-paragraph, unpublished memorandum disposition. In that case, it appears the district court found a contract's forum-selection clause unenforceable and then dismissed the case on forum non conveniens grounds. *Id.* at 686–87. Reversing the district court, the Ninth Circuit stated, "[t]he forum selection clause being enforceable, the forum non conveniens doctrine does not apply, and EnerWaste is entitled to proceed in the Western District of Washington." *Id.* (citing *Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984)). Melaleuca takes this line to mean that any time a contract that is the subject of a lawsuit contains a valid forum selection clause, the forum non conveniens doctrine does not apply. The Court rejects this argument for several reasons.

First, as outlined in Kot's response in opposition, *EnerWaste*, as an unpublished decision, is not binding on this Court. In addition, the Court hesitates to adopt Melaleuca's proposed rule based on this singular line from *EnerWaste* because the memorandum decision contains minimal context or explanation to guides its application.

MEMORANDUM DECISION AND ORDER –5

Moreover, the rule Melaleuca proposes appears to contradict other binding precedent that indicates "[t]he presence of a forum selection clause requires the court to *adjust the forum non conveniens analysis*." *In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (emphasis added). This precedent does not hold that the presence of a forum clause *controls or nullifies* the forum non conveniens analysis.

More importantly, this case is readily distinguishable from *EnerWaste*. Here, unlike in *EnerWaste*, there are two sets of very similar contracts at issue—one designating Idaho as the selected forum for any litigation and one designating China as the selected forum for any litigation. Based on the facts as presented—and agreed upon by the parties—the Court determined that despite these competing forum-selection clauses, it was best for one court to consider all four contracts and all four breach of contract claims together. Such joint consideration will avoid inconsistent outcomes and save the parties, witnesses, and judiciary time and money. This is particularly true considering there are strong arguments indicating the 2010 Agreements may in fact be void.

Other courts have similarly declined to enforce two different forum selection clauses in two different contracts at issue in the same case where doing so would result in "[p]iecemeal litigation" that "waste[s] [] judicial and party resources." *Primary Color Sys. Corp. v. Agfa Corp.*, No. SACV1700761JVSDFMX, 2017 WL 8220729, at *6 (C.D. Cal. July 13, 2017). In this vein, the Court has declined, and continues to decline, to enforce both forum selection clauses because to do so "would be 'unreasonable under the circumstances.'" *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864 JSW,

2007 WL 3232276, at *3 (N.D. Cal. Nov. 1, 2007) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). This Court thoroughly analyzed the public and private interest factors in its prior decision and concluded that they strongly favor litigating the breach of contract claims against Kot in China. Plaintiffs do not challenge this aspect of the Court's analysis at this stage.[3] Therefore, the Court reaffirms its decision to enforce only the forum-selection clause in the 2011 Agreements. This choice serves "the main purpose of the forum non conveniens doctrine: convenience." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1144 (9th Cir. 2001). For all of these reasons, the Court finds good cause to DENY the Motion for Reconsideration.

## IV. ORDER

THE COURT HEREBY ORDERS:

1. Melaleuca's Motion for Reconsideration (Dkt. 77) is DENIED.
2. Kot Nam Shan's first, second, third, and fourth Request for Judicial Notice (Dkts. 70, 73, 82, 92) are GRANTED.

DATED: July 26, 2018

David C. Nye
U.S. District Court Judge

---

[3] Plaintiffs do assert that China is an inadequate alternative forum for litigating the breach of contract claims involving the 2010 Agreements because those Agreements state they can only be litigated in Idaho. This is both a new argument (that is inappropriate at the motion for reconsideration stage) and an erroneous argument. A party can waive a forum-selection clause or a court can decline to enforce a forum-selection clause without nullifying the entire contract. *Cf. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013).