UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, and MELALEUCA (CHINA) WELLNESS PRODUCTS CO., LTD. a wholly-owned subsidiary of Melaleuca, Inc.,<br>　　　　　　　　Plaintiff,<br><br>**v.**<br><br>KOT NAM SHAN, an individual, and SHAKLEE CORP., a Delaware corporation,<br><br>　　　Defendants. | Case No. 4:18-cv-00036-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Kot Nam Shan's ("Kot") Motion for

Attorney Fees. Dkt. 78. Having reviewed the record and briefs, the Court finds that the

facts and legal arguments are adequately presented. Accordingly, in the interest of

avoiding further delay, and because the Court finds that the decisional process would not

be significantly aided by oral argument, the Court will address the motion without oral

argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the

Court finds good cause to DENY in PART and GRANT in PART Kot's Motion for

Attorney Fees.

## II. BACKGROUND

The factual background underlying this dispute is set forth in the Court's previous Decision. Dkt. 74. The Court incorporates that background in full by reference.

Procedurally, on February 26, 2018, Kot filed a Motion to Dismiss Plaintiffs Melaleuca Inc. and Melaleuca (China) Wellness Products Co., Ltd.'s (hereinafter referred to collectively as "Melaleuca") claims against him on several grounds. Dkt. 47. The Court held oral argument on this motion on March 23, 2018 and issued a Memorandum Decision and Order on April 24, 2018. While it found that it has personal jurisdiction over Kot concerning the 2010 Agreements, it ultimately dismissed all of Melaleuca's claims against Kot on forum non conveniens grounds and directed Melaleuca to refile those claims in China. Dkt. 74, at 21. Kot then filed a Motion for Attorney Fees on May 8, 2018. Dkt. 78.

## III. ANALYSIS

As this Court's subject matter jurisdiction is based on diversity, Idaho state law applies. *Clark v. Podesta*, No. 1:15-CV-00008-CWD, 2017 WL 4855845, at *2 (D. Idaho Oct. 26, 2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 34, (1991); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n. 31 (1975)). Kot specifically requests attorney fees under section 12-120(3) of the Idaho Code, which provides as follows:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and

collected as costs.

However, Idaho Code section 12-120(3) "is a substantive law that enlarges the rights of litigants in a commercial transaction." *Boise Tower Assocs., LLC v. Washington Capital Joint Master Trust Mortg. Income Fund*, No. 03–141–S–MHW, 2007 WL 4355815, at *2 (D. Idaho Dec. 10, 2007). "[P]arties are not entitled to attorney fees under an Idaho substantive statute that enlarges the rights of litigants to a commercial dispute when the law governing the contract denies litigants that right." *Id.* at *4.

"In China, litigation costs include court costs and party expenses, but generally, attorney's fees are not included in the latter. . . . Generally, in China, attorney's fees are borne by the parties on their own accounts separately, and neither party can get reimbursements from the counterparty." Xiao Jianguo and Tang Xin, *Cost and Fee Allocation in Civil Procedure: China National Report*, 4 TSINGHUA CHINA L. REV. 43, 45 (2011). In an earlier decision, the Court determined that "it will apply Idaho law to the 2010 Agreements and Chinese law to the 2011 Agreements." Dkt. 74, at 12. The Court also determined that Chinese law would apply to Melaleuca's claim of fraud in the inducement with regard to the 2011 Non-Competition Agreement. Consequently, Kot is not entitled to fees—as related to litigation surrounding the 2011 Agreements—under Idaho Code section 12-120(3), because the Chinese law governing the underlying contracts generally denies such awards.[1] Kot's Motion for Attorney Fees is therefore

---

[1] The 2011 Agreements both contain a provision that states: "In the event legal action is taken as a result of any breach of this Agreement or to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs." Dkt. 40-7; 40-8. Due to this provision, Kot may be entitled to attorney fees under Chinese law if the contract is found

DENIED in PART, as it relates to fees stemming from litigation surrounding the 2011 Agreements.

That leaves only Kot's request for attorney fees related to the 2010 Agreements. While the Court has not reached the merits of Melaleuca's claims regarding the 2010 Agreements, that does not automatically foreclose Kot's request for fees. The Idaho Supreme Court has held that a court may award attorney fees even when the case is dismissed without prejudice and the court never reaches the merits of the dispute. *See Charney v. Charney*, 356 P.3d 355, 360 (Idaho 2015). In *Charney*, the Idaho Supreme Court stated:

> [Defendant] argues that there was no final judgment, apparently meaning that there was no decision on the merits. In the *Parkside Schools* case, there was also no decision on the merits. We still remanded the case so that the defendant could request an award of attorney fees. . . . Rule 54(a) . . . states: "A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. Such relief can include dismissal with or without prejudice." Thus, a judgment includes a dismissal without prejudice. The rule also states, "A judgment is final if either it has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action." A dismissal of all claims for relief without prejudice would be a final judgment. A final judgment in a civil action does not require a decision on the merits; it would include a dismissal of all claims for relief without prejudice.

---

to be valid and enforceable. *See* Xiao Jianguo and Tang Xin, *Cost and Fee Allocation in Civil Procedure: China National Report*, 4 Tsinghua China L. Rev. 43, 45 (2011) ("[P]arties are not prohibited from reaching agreements on allocation of litigation costs and fees. Such agreements will be valid as long as the requirements for a valid contract are satisfied."). However, for the same reasons set forth in the Court's previous decision (*See* Dkt. 74, at 8-28), whether the 2011 agreements are valid and enforceable is a determination that must be made in China. Because Chinese law generally does not award attorney fees to the prevailing party as a matter of course, the Court denies Kot's request for fees stemming from litigation surrounding the 2011 Agreements based upon *Boise Tower Assocs., LLC v. Washington Capital Joint Master Trust Mortg. Income Fund*, No. 03–141–S–MHW, 2007 WL 4355815, at *2 (D. Idaho Dec. 10, 2007).

*Id.* (discussing *Parkside Sch., Inc. v. Bronco Elite Arts & Ath., LLC*, 177 P.3d 390 (Idaho 2008).

Under Idaho Code section 12-120(3), an award of fees is mandatory if Kot is the prevailing party. *Scott USA Inc. v. Patregnani*, No. 1:14-CV-00482-BLW, 2015 WL 7013204, at *1 (D. Idaho Nov. 12, 2015) (citing *Merrill v. Gibson*, 87 P.3d 949, 954 (Idaho 2004)). The prevailing party determination is committed to the discretion of the trial court. *Sanders v. Lankford*, 1 P.3d 823, 826 (Idaho 2000).

There are "three principal factors" the Court should consider when determining which party, if any, prevailed. These include: "(1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues." *City of Middleton v. Coleman Homes, LLC*, 418 P.3d 1225, 1232 (Idaho 2018); *see also* I.R.C.P. 54(d)(1)(B). It is not a "claim-by-claim analysis," but instead "determined from an overall view" of the litigation. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005); *see also Syringa Networks, LLC v. Idaho Dep't of Admin.*, 367 P.3d 208, 226 (Idaho 2016) (adopting the "overall view" approach even when there are not counterclaims between opposing parties).

*1. Application of the Law*

Melaleuca does not dispute that section 12-120(3) of the Idaho Code applies in this case. Instead, Melaleuca argues that the Court's dismissal of its claims against Kot, primarily on forum non conveniens grounds, does not render Kot the prevailing party.

The Court disagrees. While there is little Idaho caselaw regarding the forum non conveniens doctrine, a consideration of the three factors set forth above shows Kot to be the prevailing party.

Melaleuca brought multiple claims against Kot, however, the Court has not reached the merits of those claims. As such, the most important and relevant factor here is the result Kot obtained in relation to the relief sought in his answer to Melaleuca's complaint. In his answer, Kot sought to dismiss all of Melaleuca's claims against him for four reasons: (1) the Court lacked personal jurisdiction over him; (2) Melaleuca failed to join Shaklee China, an indispensable party; (3) forum non conveniens; and (4) insufficient service of process. Dkt. 47. As noted above, despite finding that it had personal jurisdiction over Kot regarding the 2010 agreements, the Court ultimately dismissed all of Melaleuca's claims against Kot on forum non conveniens grounds. While the Court did not specifically address all of Kot's arguments for dismissal, it still dismissed every claim—precisely the relief Kot sought. As such, the Court determines Kot is the prevailing party. *See Willie v. Bd. of Trs.*, 138 Idaho 131, 136 (Idaho 2002) ("[Defendant's] are the prevailing party because they have received all relief sought in their answer.")

Admittedly, the Court is troubled by the notion that Melaleuca should pay Kot's fees now, when it may yet prevail on the dismissed claims when the merits are finally reached in China. However, equally troubling is the possibility that Kot will be left without a means of recovering fees if Melaleuca decides to forego any pursuit of its claims against Kot. Since Kot received all relief he sought in his answer, the Court deems

him the prevailing party, and his motion for attorney fees is GRANTED in PART, as it relates to attorney fees stemming from litigation surrounding the 2010 Agreements.

### 2. Reasonableness and Calculation of Fees

Melaleuca next argues that the hourly rate charged by Kot's lead attorney, Sean Coletti, is unreasonable. "The calculation of reasonable attorney fees is within the discretion of the trial court." *Bott v. Idaho State Bldg. Authority*, 917 P.2d 737, 749 (Idaho 1996). Rule 54(e)(3) of the Idaho Rules of Civil Procedure lays out a number factors for the Court to consider in making this determination, however, "[t]he bottom line in an award of attorney fees is reasonableness." *Lettunich v. Lettunich*, 185 P.3d 258, 262 (Idaho 2008).

Mr. Coletti is a partner with the law firm Hopkins Roden Crockett Hansen & Hoopes, PLLC, based out of Idaho Falls, Idaho. Mr. Coletti has over ten years of experience as an attorney and charged Kot a fee of $300 per hour. Both Melaleuca and Kot have submitted affidavits from other local attorneys regarding reasonable billing rates in the area.

To support his position that Mr. Coletti's hourly rate is reasonable, Kot submitted the Declaration of John M. Avondet, a partner with the law firm Beard St. Clair Gaffney, PA in Idaho Falls. Mr. Avondet has practiced law for twelve years, and regularly charges between $250 to $300 per hour. Dkt. 89-1. Additionally, other partners in his firm, namely Lance Schuster (who has been practicing law since 1996), Jeffrey Brunson (who has been practicing law since 2004) and Dan Dummar (who has been practicing law since 2001), "all charge between $250 and $300 per hour for litigation

cases" in the Idaho Falls area. Dkt. 89-1.

To support its position that Mr. Coletti's hourly rate is unreasonable, Melaleuca submitted the Declaration of Richard Friess, an attorney of record for the Plaintiffs in this matter, and a partner at the law firm of Thomsen Holman Wheiler, PLLC in the Idaho Falls area. Dkt. 86-1. Mr. Friess has been practicing law since 2007, and charges $225 per hour. Another partner at his firm, Curt Thomsen, "has been practicing civil litigation for over 30 years in Eastern Idaho," and typically bills $275.00 per hour. Dkt. 86-1.

After considering the factors set forth in Rule 54(e)(3) of the Idaho Rules of Civil Procedure, the Court finds Mr. Coletti's rate of $300 per hour to be reasonable. This finding is particularly appropriate in light of the complex and unique nature of this case (i.e. representing a client residing in China in a case involving both Chinese and Idaho law).

The Court must next determine what measure of fees Kot may recover, based upon the Court's denial of Kot's motion for attorney fees as it relates to the 2011 Agreements in conjunction with the Court's granting of Kot's motion as it relates to the 2010 Agreements. This raises additional uncertainty because, understandably, there is no way to clearly determine when Mr. Coletti's work was focused exclusively on the 2010 Agreements, and when his work was focused on the 2011 Agreements. As such, the Court must determine how to best apportion the requested fees.

There were five claims brought against Kot.[2] Three of those claims stemmed from

---

[2] The claims brought against Kot include four breach of contract claims, and one tort claim—fraud in the inducement related to the 2011 Non-Competition Agreement. Kot seeks attorney

the 2011 Agreements and two stemmed from the 2010 Agreements. *See* Dkt. 74, at 7-8.

Accordingly, the Court finds it proper to limit Kot's recovery to forty percent (i.e. two-fifths) of his requested fees. In this case, based upon the calculation Kot submitted to the Court, this amount equals $13,300.

Admittedly, Judge Dale rejected a similar approach to apportioning fees in *J.R. Simplot Co. v. Nestle USA, Inc.*, No. CV 06-141-S-EJL-CWD, 2009 WL 10678269 (D. Idaho July 20, 2009). *Simplot* involved three contracts—one governed by California law and two governed by Delaware law. *Id.* at *1-2. Judge Dale found that the applicable laws in both California and Delaware generally only allowed for an award of attorney fees if the contract at issue in the case contained a clause granting such a right. *Id.* at *5-6. As only one of the three agreements at issue in *Simplot* contained such a clause—namely, the Distribution Agreement—the Plaintiff argued that the Court should limit defendant's award of attorney fees to one-third of its requested amount. Judge Dale disagreed.

A closer examination of the Distribution Agreement revealed that its language was broad. Specifically, it provided for "attorney fees to the prevailing party when the litigation concerns '*the rights or duties of any party in relation to*'" the agreement. *Id.* at

---

fees for all claims under Idaho Code section 12-120(3). It could be argued that this section should not apply to the tort claim. On the other hand, it could be argued that the gravamen of the claim is a commercial transaction, and therefore, section 12-120(3) was the proper means of seeking attorney fees on that claim. Regardless, because neither party raised the issue, the Court does not need to address it. Further, even if the Court determined that a different section of the Idaho Code applied to the tort claim, Kot would still be unable to recover attorney fees because he only sought fees under section 12-120(3).

*7 (emphasis in original). Judge Dale found that "all of the counts [were] 'related to' the rights and duties of the parties with respect to the Distribution Agreement." *Id.* Accordingly, Judge Dale awarded all of Defendant's requested fees, even though only the Distribution Agreement contained a provision allowing attorney fees for the prevailing party.

The contracts at issue in this case, however, are distinguishable. Only one of the 2010 Agreements contains a provision regarding attorney fees. While all of Melaleuca's claims against Kot are arguably related to this 2010 Agreement, unlike the Distribution Agreement in *Simplo*t, its language is narrowly tailored to cover only "action[s] to interpret or enforce the terms of *this* Agreement." Dkt. 40-5, at 6 (emphasis added). Stretching this provision to encompass the 2011 Agreements—which are governed by Chinese law—is a step too far, and Kot's award should be limited to attorney fees arising out of the 2010 Agreements. Accordingly, the Court awards Kot attorney fees in the amount of $13,300.

///

///

///

///

///

///

///

## IV. ORDER

The Court HEREBY ORDERS:

1.  Kot's Motion for Attorney Fees (Dkt. 78) is DENIED in PART, as it relates to litigation surrounding the 2011 Agreements, and GRANTED in PART, as it relates to litigation surrounding the 2010 Agreements.

2.  The Court hereby awards Kot attorney fees in the amount of $13,300.

3.  Melaleuca has 30 days to comply with this Order.

DATED: September 5, 2018

David C. Nye
U.S. District Court Judge