UNITIED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, and MELALEUCA (CHINA) WELLNESS PRODUCTS CO., LTD. a wholly-owned subsidiary of Melaleuca, Inc.,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KOT NAM SHAN, an individual, and SHAKLEE CORP., a Delaware corporation,<br><br>　　　　　　　Defendants. | Case No. 4:18-cv-00036-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Shaklee Corp.'s ("Shaklee") Motion to Stay. Dkt. 80. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court finds good cause to GRANT Shaklee's Motion to Stay.

# II. BACKGROUND

The factual background underlying this dispute is set forth in the Court's previous Decision. Dkt. 74., at 2-8. The Court incorporates that background in full by reference.

In the Court's previous decision, it dismissed all of Plaintiffs Melaleuca Inc. and Melaleuca (China) Wellness Products Co., Ltd.'s (hereinafter referred to collectively as "Melaleuca") claims against Defendant Kot Nam Shan ("Kot") on forum non conveniens grounds. Dkt. 74, at 21. In light of those dismissals, the Court noted that it "still has before it two claims for tortious interference of contract Plaintiffs asserted against Shaklee. At this juncture, it may be appropriate to stay these claims. However, the Court will not take such action sua sponte." *Id.* On May 17, 2018, Shaklee filed a Motion to Stay the remaining claims pending the resolution of Melaleuca's claims against Kot in China.

### III. ANALYSIS

*A. Legal Standard*

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Determining whether to grant a motion to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "When considering a motion to stay, the district court should consider three factors: (1) the potential prejudice to the non-moving parties; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be

saved." *In re Micron Tech., Inc. Secs. Litig.*, No. CV-06-085-S-BLW, 2009 WL 10678270, at *2 (D. Idaho Dec. 7, 2009).

B. *Prejudice to Melaleuca*

Melaleuca must make "an initial showing that there is a fair possibility that [it] will be injured by a stay." *Id.* at *3. Melaleuca argues that it easily satisfies this burden because:

> By the time the stay is lifted—which could be more than a year from now—the harm will already be done, and will be impossible to remedy. Mr. Kot will be entrenched at Shaklee; Melaleuca's employees and Marketing Executives may be substantially poached; and Shaklee may already have taken advantage of Melaleuca's confidential information. . . . Shaklee's continued employment of Mr. Kot in violation of his non-compete obligations poses an ongoing threat of substantial and irreparable harm to Plaintiffs' business.

Dkt. 87, at 7-8.

This argument, however, appears to rest primarily on speculation. Melaleuca has previously asserted that "most of the damage to the former company is often done within a period of a few months. By far the largest numbers of customers and/or independent marketing representatives tend to leave in the first onslaught." Dkt. 39, at 23. Approximately eight months have now passed since Kot began working for Shaklee. Yet, Melaleuca has not identified a single employee that Shaklee has poached in that timespan. Nor has Melaleuca produced evidence showing a reduction in sales numbers, reduced profits, or any other indicator that Shaklee's conduct has caused harm.

However, the "fair possibility" standard is not onerous. While Melaleuca has struggled to demonstrate how it would be harmed by a stay, the Court recognizes that the

nature of its business makes it difficult to do so. *See* Dkt. 87, at 8 ("Melaleuca cannot know which of its Marketing Executives have been poached by Shaklee because Marketing Executives may continue receiving commissions from Melaleuca after joining a competitor (and have no incentive to notify Melaleuca that they have joined a competitor.)").

Additionally, the Court is inclined to give Melaleuca the benefit of the doubt because, in addition to seeking damages, it also seeks injunctive relief. Staying a suit for injunctive relief presents a greater risk of hardship than staying a suit that merely seeks damages. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *Aldapa v. Fowler Packing Co.*, No. 1:15-cv-00420-DAD-SAB, 2016 WL 6124216, at *2 (E.D. Cal. Oct. 20, 2016). Accordingly, although Melaleuca's allegations of harm appear largely speculative—and therefore do not weigh heavily against granting Shaklee's motion—the Court deems it prudent to consider the remaining factors set forth above.

C. *Hardship to Shaklee*

The moving party has the burden to "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Notably, simply "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112 (internal punctuation omitted).

Shaklee argues it will face hardship if the stay is not granted because it will have to expend a great deal of time and resources in applying Chinese law while defending itself in this suit. Additionally, Shaklee contends that if Melaleuca's claims against Kot are not resolved first, Shaklee will be prejudiced because its "attempts to depose

witnesses or gather evidence in China would be greatly hindered or completely blocked by Chinese civil practice" and procedural barriers. Dkt. 80, at 7. The Court understands, and as discussed more fully below, shares Shaklee's concerns. However, the Court notes that these burdens are largely unavoidable. Regardless of when this Court reaches the merits of Melaleuca's claims against Shaklee, resolution of those claims will likely require the application of Chinese law. Additionally, if there is evidence in China, Shaklee will eventually have to undertake the efforts necessary to gather it. While Shaklee's concerns are not frivolous, they do not clearly warrant a stay of this matter.

   D.  *Judicial Economy*

This factor weighs in favor of granting the motion to stay. Melaleuca has two claims pending against Shaklee: tortious interference with the 2010 contracts and tortious interference with the 2011 contracts. In its previous decision, the Court carried out a choice of law analysis and concluded that Chinese law would apply to these claims. Dkt. 74, at 10-12. While there does not appear to be a specific tortious interference with contract claim under Chinese law, there are claims characterized as "unfair competition dispute" and "torts dispute." Dkt. 61-2, at 87; Dkt. 74, at 13. These claims likely encompass conduct generally described as tortious interference with contract under Idaho law. *See* Dkt. 74, at 13.

Shaklee contends—and Melaleuca does not dispute—that under Chinese law, the underlying contracts must be enforceable for Melaleuca to succeed on its tort claims against Shaklee. *See* Dkt. 67-3 at 8-9. Indeed, such a requirement seems self-evident. The validity of the 2010 and 2011 contracts are, therefore, threshold issues that must be

resolved before Melaleuca can succeed on its claims against Shaklee.

The Court's primary concern as it relates to this motion is the potential waste of time and resources involved with determining the validity of the 2011 contracts under Chinese law—an issue that a Chinese court would resolve if Melaleuca decides to pursue its claims against Kot. The Court's previous decision elaborates on the difficulties presented in attempting to apply Chinese law in Idaho. As the Court explained:

> This Court . . . would have to rely heavily on outside legal experts to assist it in determining what the law is and how to apply it. . . . China is the far more cost-effective and efficient forum. The Court finds it notable that China does not allow attorneys to depose witnesses or gather evidence for use in this Court without going through Chinese central authority. There is a substantial number of witnesses and other evidence (including evidence of damages) that the parties can only obtain in China. It seems this policy is going to hinder this litigation considerably if it is tried here in Idaho. Besides the delay, the parties will incur significantly more costs gathering evidence in China, translating it, and presenting it to this Court, than if the parties litigate this case in China.

Dkt. 74, at 20-21.

Assuming Melaleuca intends to pursue its claims against Kot in China, the Chinese courts will determine whether the 2011 contracts are valid and enforceable. With that determination made, the issues before this Court would be simplified. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (identifying "simplifying or complicating of issues" as one relevant consideration when determining whether to stay a proceeding). Further, staying this case while Melaleuca pursues its claims against Kot in China avoids duplicative litigation surrounding the validity of the 2011 contracts, and reduces the possibility of conflicting judgments.

It is true, as Melaleuca asserts, that "[t]he Supreme Court has long ago established

that '[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *Teague v. Alternate Energy Holdings, Inc.*, No. 1:10-CV00634-BLW, 2011 WL 6337611, at *8 (D. Idaho Dec. 19, 2011) (citing *Landis*, 299 U.S. at 255). Here, however, it is not a separate litigant that must initiate an action in China to establish the validity of the 2011 contracts—it is Melaleuca itself. While the Court recognizes Melaleuca may choose to never pursue its claims against Kot in China, Melaleuca has not indicated such an intent, and still has time to file suit in China. Rather than immediately undertaking the arduous and expensive process of applying Chinese law to determine whether the 2011 contracts are valid, the Court finds it appropriate to temporarily stay these proceedings to allow Melaleuca time to pursue its claims against Kot in China.

Ultimately, the Court is willing to determine the validity of the 2011 contracts if necessary, but it does not take lightly the difficulty and expense such an effort will require from all parties involved. As such—and because the first two factors do not weigh heavily for or against granting Shaklee's motion—the Court "find[s] it is efficient for its own docket and the fairest course for the parties to enter a stay" of this action and allow additional time for Melaleuca to seek resolution of threshold issues in China—a forum better suited to determine the validity of the 2011 contracts. Accordingly, Shaklee's Motion to Stay is GRANTED.

### E.  Length of Stay

"In assessing the propriety of a stay . . . a court must balance the length of the delay against the justifications for the stay." *Micron Tech.*, 2009 WL 10678270, at *2

*(citing *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). Generally, the term of a stay should not be indefinite. *See Yong*, 208 F.3d at 1119 ("If a stay is especially long or its term is indefinite, we require a greater showing to justify it."); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007) (stating that there is a "general policy favoring stays of short, or at least reasonable, duration"). Here, the primary justification for staying this matter is a desire to avoid wasting time and resources in carrying out duplicative litigation regarding the validity of the 2011 contracts. However, the Court is not certain such litigation will ever take place in China, so the proper duration of the stay is not clear.

Regardless, the Court does not intend for this case to perpetually linger on its docket, and Melaleuca must eventually determine whether it will pursue its claims against Kot in China. Accordingly, the Court will stay this case for 120 days to allow Melaleuca time to make that determination. Melaleuca is ordered to submit a status report within 120 days updating the Court of its efforts, or planned efforts, to pursue its claims against Kot in China.

## IV. ORDER

The Court HEREBY ORDERS:

1. Shaklee's Motion to Stay (Dkt. 80) is GRANTED, and the case is stayed for 120 days. However, if Melaleuca submits the ordered status report in less than 120 days—and therein informs the Court that it will not pursue its claims against Kot in China—the Court may determine to lift the stay at that time and allow Melaleuca to proceed with its claims against Shaklee earlier than anticipated.

2. Melaleuca must submit a status report to the Court within 120 days regarding the status of its claims against Kot in China.

DATED: September 10, 2018

_____
David C. Nye
U.S. District Court Judge