UNITIED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, and MELALEUCA (CHINA) WELLNESS PRODUCTS CO., LTD. a wholly-owned subsidiary of Melaleuca, Inc.,<br><br>            Plaintiff,<br><br>            v.<br><br>KOT NAM SHAN, an individual, and SHAKLEE CORP., a Delaware corporation,<br><br>            Defendants. | Case No. 4:18-cv-00036-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Shaklee Corp.'s ("Shaklee") Second Motion to Stay. Dkt. 116. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY Shaklee's Second Motion to Stay. Dkt. 116.

## II. BACKGROUND

The factual background underlying this dispute is set forth in the Court's prior

order. Dkt. 74., at 2-8. The Court incorporates that background by reference here.

In that prior order, the Court dismissed all of Plaintiffs Melaleuca Inc. and Melaleuca (China) Wellness Products Co., Ltd.'s (hereinafter referred to collectively as "Melaleuca") claims against Defendant Kot Nam Shan ("Kot") on forum non conveniens grounds. Dkt. 74, at 21. In light of those dismissals, the Court noted that it "still has before it two claims for tortious interference of contract Plaintiffs asserted against Shaklee. At this juncture, it may be appropriate to stay these claims. However, the Court will not take such action sua sponte." *Id.* On May 17, 2018, Shaklee filed a Motion to Stay the remaining claims pending the resolution of Melaleuca's claims against Kot in China. The Court granted that motion and stayed this case for 120 days. Dkt. 95, at 8. The Court lifted the stay on March 19, 2019. Dkt. 111. Shortly thereafter, Shaklee filed its Second Motion to Stay. Dkt. 116.

### III. ANALYSIS

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Determining whether to grant a motion to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "When considering a motion to stay, the district court should consider three factors:

(1) the potential prejudice to the non-moving parties; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved." *In re Micron Tech., Inc. Secs. Litig.*, No. CV-06-085-S-BLW, 2009 WL 10678270, at *2 (D. Idaho Dec. 7, 2009).

Having considered the above factors, as well as the nature of this case and the related litigation in China, the Court DENIES Shaklee's Second Motion to Stay. Dkt. 116. Since the Court imposed the initial stay, developments have occurred in the Chinese courts that alleviate the Court's judicial economy concerns discussed in its prior order. *See* Dkt. 95, at 6-7 ("The Court's primary concern as it relates to this motion [to stay] is the potential waste of time and resources involved with determining the validity of the 2011 contracts under Chinese law."). Shaklee's reply in support of its Motion explains that "Mr. Kot brought what amounts to a declaratory judgment action in China. . . . Mr. Kot subsequently received an adverse decision from the Chinese trial court and the Chinese appellate court." Dkt. 123, at 2.

In reaching its decision, the Chinese trial court considered the validity of Kot's relevant contracts with Melaleuca, and found them valid and enforceable. *See* Dkt. No. 96-2, at 6 ("[Kot's] request of confirmation that the plaintiff is not required to perform non-compete obligations lacks the support of facts and legal grounds, which this court does not support."); *Id.* at 7 ("[Kot] resigned from the defendant on November 15, 2017 and joined Shaklee in January 2018, which is a competitor specified in the Non-Compete Agreement. The plaintiff thus breached the provisions in respect of 3-month period specified in the Non-Compete Agreement."). The Chinese appellate court affirmed the

Chinese trial court's decision.

Nevertheless, Shaklee contends that a second stay is warranted because Kot has requested a retrial in China. The Court disagrees. As explained in its prior order, "the Court does not intend for this case to perpetually linger on its docket." Dkt. 95, at 8. A Chinese Court has now considered the validity of the relevant contracts governed by Chinese law and found them valid and enforceable. A Chinese appellate court affirmed that decision. In light of this development, the Court deems it proper to move forward with this case, despite Kot's request for a retrial in China. The Court has no reason to question or doubt the decisions of the Chinese courts and will not further delay this matter simply because Kot disagrees with the results.

## IV. ORDER

The Court HEREBY ORDERS:

1. Shaklee's Second Motion to Stay (Dkt. 116) is DENIED.

2. The Court will issue a separate Litigation Order which directs the parties to submit a Joint Litigation Plan and Discovery Plan (or separate plans if the parties cannot agree) to the Court by a certain date. That Order will also set the matter for a scheduling conference.

DATED: June 5, 2019

David C. Nye
Chief U.S. District Court Judge